## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS KLEIN,** | : | **Civil No. 3:19-CV-725** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MET ED, et al.,** | : | **(Magistrate Judge Carlson)[1]** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I.      Statement of Facts and of the Case

This case comes before us for consideration of two motions to dismiss filed by the defendants. (Docs. 21 and 26). The plaintiff, Dennis Klein, who is proceeding *pro se*, commenced this action by filing a complaint on April 29, 2019 which named Met Ed, a Met Ed employee, and the Pennsylvania Public Utility Commission (PUC) as defendants. (Doc. 1).

Mr. Klein's complaint demands a great deal of the reader. The complaint is 275 pages in length and lacks any formal structure as mandated by Rule 10, setting forth allegations in sequentially numbered paragraphs. Instead, the complaint begins with a brief two-page recitation of grievances that is largely unaccompanied by any specific, well-pleaded facts. (Id.) Thus, Mr. Klein cryptically cites to two federal

---

[1] The parties in this case have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636. (Doc. 22).

criminal statutes dealing with wiretapping and assaults on members of Congress, 18 U.S.C. §§ 351, 2511; alleges a "voilation [sic] of US Constitution, BOA 4th amendment"; and complains of an illegal termination of his electrical service by Met Ed. (Id. at 1-2). Mr. Klein then attaches to this spare narrative some 273 pages of correspondence, documents, and excerpts from various reports, opinions, and polemics, all of which address the perceived dangers of SmartMeter electric meter technology, which Mr. Klein believes causes cancer as well as other ailments and may allow for unlawful surveillance of him and his home. Because of these perceived dangers, it appears that Mr. Klein attempted to cover or conceal his electric meter, actions which inspired Met Ed to write to the plaintiff advising him that obstructing the electric meter could lead to termination of his electric service. (Id.) This exchange with Met Ed, in turn, appears to have inspired Mr. Klein to file the instant lawsuit.

Like the factual averments in his complaint, Mr. Klein's prayer for relief is somewhat difficult to understand. We gather, however, that Mr. Klein would like to have Met Ed criminally prosecuted. (Id. at 2) ("I iWANT [sic] THEM CHARGED WITH THE CRIMES AS STATED."). Mr. Klein also seems to seek wide-ranging injunctive relief prescribing what sort of electric meter may be placed on his home, a guarantee that his electric service will not be interrupted, and damages in the amount of "$500,000 dollars give or take." (Doc. 31 at 3).

At the time of the filing of this complaint, Mr. Klein paid the filing fee prescribed by law, and after some halting efforts, service was effected upon the defendants. These defendants have now moved to dismiss Mr. Klein's complaint, citing alleged legal defects in this pleading. (Docs. 21 and 26). At our direction, Mr. Klein has responded to these motions, albeit in a somewhat opaque fashion. (Doc. 31). Therefore, these motions are ripe for resolution.

For the reasons set forth below, the defendants' motions to dismiss will be granted without prejudice to Mr. Klein endeavoring to file a complaint which complies with federal pleadings standards.

## II. Discussion

### A. Rule 12(b)(6)–Standard of Review

The defendants have moved to dismiss this complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir.

2008)], and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal, –U.S.–, 129 S. Ct. 1937 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Instead, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court

must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed:

The Supreme Court in Twombly set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint which pleads facts "merely consistent with" a defendant's liability, [ ] "stops short of the line between possibility and plausibility of 'entitlement of relief.' "

Burch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be

considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002); see also U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 382, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss in one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Judged against these legal guideposts, for the reasons set forth below we find that this complaint fails to state a claim upon which relief may be granted and should be dismissed.

### B. This Complaint Fails to State a Claim Upon Which Relief May Be Granted.

In our view, Mr. Klein's complaint is flawed in at least four respects and runs afoul of a series of legal obstacles which compel dismissal of this pleading in its current form.

### 1. The Complaint Violates Rule 8.

At the outset, dismissal of this complaint is warranted because this pleading fails to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." It is well-settled that: "[t]he Federal Rules of Civil

Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." <u>Scibelli v. Lebanon County</u>, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", <u>id.</u>, or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", <u>Stephanatos v. Cohen</u>, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. <u>See, e.g.</u>, <u>Mincy v. Klem</u>, 303 F. App'x 106 (3d Cir. 2008); <u>Rhett v. New Jersey State Superior Court</u>, 260 F. App'x 513 (3d Cir. 2008); <u>Stephanatos v. Cohen</u>, <u>supra</u>; <u>Scibelli v. Lebanon County</u>, <u>supra</u>; <u>Bennett-Nelson v. La. Bd. of Regents</u>, 431 F.3d 448, 450 n. 1 (5th Cir. 2005).

Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," <u>Binsack v. Lackawanna County Prison</u>, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. <u>Tillio v. Spiess</u>, 441 F. App'x 109 (3d Cir. 2011). Similarly, dismissal is appropriate in " 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted)." <u>Tillio v. Spiess</u>, 441 F. App'x 109, 110 (3d Cir. 2011); <u>Tillio v. Northland Grp. Inc.</u>, 456 F. App'x 78, 79 (3d Cir. 2012). Further,

a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009) (dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006) (dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

These principles are applicable here and compel the dismissal of this complaint in its current form. Mr. Klein's complaint is prolix, confused, and confusing. Despite its 275-page length, it recites virtually no well-pleaded facts. Consequently, the complaint leaves "defendants having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011). In this setting, where a complaint is fatally ambiguous, Rule 8 compels dismissal of the complaint in its entirety.[2]

---

[2] In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. See, e.g., Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen, supra; Scibelli v. Lebanon County, supra.

**2. The Plaintiff May Not Secure a Criminal Prosecution Through this Civil Lawsuit.**

In addition, Mr. Klein's complaint appears to invite the Court to institute a criminal prosecution of Met Ed officials under two federal criminal statutes dealing with wiretapping and assaults on members of Congress, 18 U.S.C. §§ 351, 2511 since Mr. Klein plainly states in his pleadings that "I iWANT [sic] THEM CHARGED WITH THE CRIMES AS STATED." (Doc. 1 at 2).

This he may not do. It is well established that decisions regarding the filing of criminal charges are the prerogative of the executive branch of government, are consigned to the sound discretion of prosecutors, and under the separation of powers doctrine are not subject to judicial fiat. Indeed, it has long been recognized that the exercise of prosecutorial discretion is a matter, "particularly ill-suited to judicial review." Wayte v. United States, 470 U.S. 598, 607, 105 S. Ct. 1524, 84 L.Ed.2d 547 (1985). Recognizing this fact, courts have long held that a civil rights plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties, finding that civil plaintiffs lack standing to make such claims and concluding that such relief simply is unavailable in a civil lawsuit. See, e.g., Ostrowski v. Mehltretter, 20 F. App'x 87, 90 (2d Cir. 2001); Kim v. Romero, 877 F.2d 64, 1989 WL 67116 at *1 (9th Cir. June 14, 1989) (affirming the dismissal of a suit against various prosecuting authorities for their failure to bring charges against a sheriff for alleged battery); McMinn v. Damiani, 765 F.2d 145,

1985 WL 13323 (6th Cir. May 3, 1985) (affirming the dismissal for lack of standing in a pro se civil rights case where plaintiff had sued state prosecuting authorities for failing to investigate or prosecute claims against various state judges and lawyers); Gessner v. Dep't of Corr., 3:14-CV-111, 2014 WL 972290 (M.D. Pa. Mar. 12, 2014); Snyder v. Aaron, CIV.A. 05-1602, 2006 WL 544466 (W.D. Pa. Mar. 6, 2006); Mover v. Borough of North Wales, Civ. No. 00-1092, 2000 WL 1665132 at *2 (E.D. Pa. Nov. 7, 2000) (stating that "Moyer has no judicially cognizable interest in Timothy Conley's criminal prosecution. Accordingly, an agreement to refrain from prosecuting Conley for sexual assault or to charge him with disorderly conduct or the act thereof violates no constitutional right that Moyer has standing to assert."); see also Wise v. Augustine, Civ. No. 97-2651, 1997 WL 534695 at *2 (E.D. Pa. Aug. 8, 1997) (stating that "[a] private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."); Dundore v. O'Donnell, Civ. No. 85-2907, 1985 WL 2681 at *2 (E.D. Pa. Sept. 17, 1985) (stating that "Defendant O'Donnell is alleged to have refused to file the criminal charges brought by plaintiffs. Although plaintiffs were no doubt aggrieved when O'Donnell refused to file the charges, they have no constitutional right that I am aware of to have criminal charges filed."); Corbin v. Stevens, Civ. No. 91-1054, 1992 WL 96684 at *2 (S.D.N.Y. April 30, 1992) (stating that "[p]laintiff possesses no constitutional right to have someone arrested. . . .").

Mr. Klein's reliance upon these criminal statutes is particularly misplaced in the instant case. Section 351 of Title 18, United States Code, prohibits assaults or murder of members of Congress and other specified federal officials. This criminal statute, therefore, has absolutely no application here. Likewise, the federal wiretapping statute, 18 U.S.C. § 2511, which prohibits the unlawful interception, and use of oral, wire, or electronic communications, is not implicated by the use of Smart Meter technology by a utility to document household electrical usage since "those statutory provisions only cover 'interceptions' of communications." McGuire v. McCormick, No. 16-13113, 2017 WL 4456883, at *7 (E.D. Mich. Oct. 6, 2017), aff'd, No. 17-2295, 2018 WL 5733606 (6th Cir. June 13, 2018). Therefore, this claim also fails as a matter of law and should be dismissed.

### 3. The Plaintiff's Fourth Amendment Claim is Unavailing.

Mr. Klein also appears to be attempting to bring constitutional tort claims against the defendants alleging that Met Ed's installation and use of a SmartMeter at his home violates the Fourth Amendment to the United States Constitution which prohibits unreasonable searches and seizures. To the extent that Mr. Klein is endeavoring to bring such a claim under the federal civil rights statute, 42 U.S.C. § 1983, there are at least two difficulties with this claim.

First, it is well-established that § 1983 does not by its own force create new and independent legal rights to damages in civil rights actions. Rather, § 1983 simply

serves as a vehicle for private parties to bring civil actions to vindicate violations of separate, and pre-existing, legal rights otherwise guaranteed under the Constitution and laws of the United States. Albright v. Oliver, 510 U.S. 266, 271 (1994); Graham v. Connor, 490 U.S. 386, 393-94 (1989). Therefore, any analysis of the legal sufficiency of a cause of action under § 1983 must begin with an assessment of the validity of the underlying constitutional and statutory claims advanced by the plaintiff.

In this regard, it is also well-settled that:

> Section 1983 provides a remedy for deprivations of federally protected rights caused by persons acting under color of state law. The two essential elements of a § 1983 action are: *(1) whether the conduct complained of was committed by a person acting under color of state law*; and (2) whether this conduct deprived a person of a federally protected right. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

Boykin v. Bloomsburg University of Pennsylvania, 893 F. Supp. 409, 416 (M.D. Pa. 1995), aff'd, 91 F.3d 122 (3d Cir. 1996) (emphasis added). Thus, it is essential to any civil rights claim brought under § 1983 that the plaintiff allege and prove that the defendant was acting under color of law when that defendant allegedly violated the Plaintiff's rights. Therefore, to the extent that a complaint seeks to hold a private party liable for alleged civil rights violations, it fails to state a valid cause of action under 42 U.S.C. § 1983 since the statute typically requires a showing that the defendants are state actors. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

In this case, Mr. Klein alleges that the SmartMeter was installed and used at his home by Met Ed, a private utility company. As a general rule, private utilities like Met Ed are not deemed to be state actors. Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 454, 42 L. Ed. 2d 477 (1974). Moreover, at least one court has specifically found that the installation and use of SmartMeters by private utilities, in accordance with state law, does not constitute the type of state action which implicates federal civil rights statutes, holding that:

> The installation of smart meters, and the provision of electricity to customers . . . is a business activity, and not a state function or a state action. The installation of smart meters pursuant to Act 129 does not create a sufficiently close nexus between the Commonwealth of Pennsylvania and the Defendants for the Defendants' actions to be treated as state action. Furthermore, Defendants' $200 million grant from the U.S. Department of Energy does not implicate the State in private activity. Therefore, in light of the well-settled case law cited, [any] attempt to cast Defendants' implementation of Act 129 and/or their receipt of government funds as state action fails. Consequently, having failed to assert a state action, [the plaintiff's] § 1983 claim cannot proceed in this forum.

Benlian v. PECO Energy Corp., No. CV 15-2128, 2016 WL 3951664, at *7 (E.D. Pa. July 20, 2016). Therefore, Mr. Klein's federal civil rights claims fail due to the lack of any legally cognizable state action on the part of Met Ed, which installed and used this SmartMeter.

More fundamentally, courts have found that the collection of electrical usage data through SmartMeters simply does not constitute an unreasonable search and seizure in violation of the Fourth Amendment since:

> [T]he government's interest in smart meters is significant. Smart meters allow utilities to reduce costs, provide cheaper power to consumers, encourage energy efficiency, and increase grid stability. [Therefore] these interests render the [use of Smart Meters] reasonable, where the search is unrelated to law enforcement, is minimally invasive, and presents little risk of corollary criminal consequences.

Naperville Smart Meter Awareness v. City of Naperville, 900 F.3d 521, 529 (7th Cir. 2018). Accordingly, aside from the lack of state action, this Fourth Amendment claim fails on its merits since the use of this type of utility meter is not deemed an unreasonable search and seizure.

> **4. In the Absence of any Viable Federal Claims, this Court Will Decline to Exercise Jurisdiction over any State Law Claims.**

Finally, Mr. Klein's complaint seems to bring claims under state law that his electrical service was improperly terminated. Issues relating to interference with the use of electric meters and termination of electrical service due to such interference are matters of state law and it is well-established under state law that Met Ed owns the electric meter and that discontinuance of electric service may result from tampering with the meter. 66 Pa.C.S. § 1406(a)(4); 52 Pa. Code § 56.81(3). However, to the extent that Mr. Klein wishes to litigate these state utility law issues, with the collapse and failure of his federal civil rights claims, these state law claims are insufficient to support this lawsuit in federal court.

These allegations fail to state a federal claim for at least two reasons. First, we do not have independent federal jurisdiction over state law claims like those alleged

here which are brought by one Pennsylvania resident against other Pennsylvania residents. It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Here, with respect to these state utility law claims, we have found Mr. Klein's complaint presently does not allege any "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, giving rise to federal question jurisdiction. Instead, Mr. Klein's remaining legal claims arise under state law. However, the plaintiff may not assert federal jurisdiction over these state utility law claims, since we can only exercise federal jurisdiction over such state law claims in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) *citizens of different States*." 28 U.S.C. § 1332(a)(1) (emphasis added). Thus, there is not diversity

jurisdiction over this action because " 'complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state. Brett v. Brett, No. 12–3301, 2012 WL 5450879, at *1 (3d Cir. Nov. 8, 2012) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010))." Boldrini v. Bruno, No. CIV.A. 3:11-1401, 2013 WL 619610, at *2 (M.D. Pa. Feb. 19, 2013). Consequently, we have consistently concluded that where a *pro se* complaint brings state law claims and reveals on its face that there is no diversity of citizenship, screening dismissal of that pleading in favor of state court litigation is entirely appropriate. See e.g., Baker v. Leitzel, No. 1:18-CV-1366, 2018 WL 3640419, at *3 (M.D. Pa. July 11, 2018), report and recommendation adopted, No. 1:18-CV-1366, 2018 WL 3631289 (M.D. Pa. July 31, 2018); Mendez v. Strohlein, No. 3:17-CV-1141, 2017 WL 3084104, at *3 (M.D. Pa. June 29, 2017), report and recommendation adopted, No. 3:17-CV-1141, 2017 WL 3084094 (M.D. Pa. July 19, 2017).

In the instant case, this court's diversity jurisdiction simply does not provide an independent basis for exercising jurisdiction over this particular controversy since it is clear that the plaintiff and the defendants are all residents of Pennsylvania. Given that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

Nor can Mr. Klein ask us to exercise pendant federal jurisdiction over these essentially state claims after we have found that his federal claims fail as a matter of law. Rather, this disposition of the plaintiff's primary federal legal claims suggests the appropriate course for the court to follow in addressing any ancillary state law claims that the plaintiff may wish to pursue against these defendants. In a case such as this, where the jurisdiction of the federal court was premised on alleged federal claims which are found to be subject to dismissal, the proper course generally is for "the court [to] decline to exercise supplemental jurisdiction over the plaintiff's state law claims." Bronson v. White, No. 05-2150, 2007 WL 3033865, *13 (M.D. Pa. Oct. 15, 2007); see Ham v. Greer, 269 F. App'x 149, 151 (3d Cir. 2008) ("Because the District Court appropriately dismissed [the inmate's] Bivens claims, no independent basis for federal jurisdiction remains. In addition, the District Court did not abuse its discretion in declining to address the state law negligence claims. 28 U.S.C. § 1367(c)(3); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966); Tully v. Mott Supermkts., Inc., 540 F.2d 187, 196 (3d Cir. 1976).").

Here, we have found that Mr. Klein's federal claims are subject to dismissal. Given this finding in the exercise of our discretion we decline to assert supplemental jurisdiction over potential ancillary state law claims in this case. Instead, Mr. Klein should pursue those state law claims in the proper forum, the state courts.

While this analysis calls for dismissal of this action in its current form, we will permit the plaintiff another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint setting forth well-pleaded claims which meet the requirements of federal law. We take this course mindful of the fact that in civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, we will provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court, by filing an amended complaint containing any timely and proper claims which he may have.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DENNIS KLEIN,** | : | **Civil No. 3:19-CV-725** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MET ED, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 8th day of January 2020, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED as follows:

1. The defendants' motions to dismiss, (Docs. 21 and 26), are GRANTED and the plaintiff's complaint is DISMISSED without prejudice to the filing of an amended complaint which complies with the requirements of federal law and addresses the deficiencies noted by this Court provided that the plaintiff files this amended complaint on or before **January 29, 2020**.

2. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D. Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624

(M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.

3. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise, and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. The Court further places the plaintiff on

notice that failure to comply with this direction may result in the dismissal

of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.


_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge