**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS KLEIN,** | : | **Civil No. 3:19-CV-725** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MET ED, et al.,** | : | **(Magistrate Judge Carlson)**[1] |
| | : | |
| **Defendants** | : | |

**MEMORANDUM OPINION**

## I. Statement of Facts and of the Case

The plaintiff, Dennis Klein, who is proceeding *pro se*, commenced this action by filing a complaint on April 29, 2019 which named Met Ed, a Met Ed employee, and the Pennsylvania Public Utility Commission (PUC) as defendants. (Doc. 1). As we have previously observed, Mr. Klein's complaint demanded a great deal of the reader. The complaint is 275 pages in length and lacks any formal structure as mandated by Rule 10, setting forth allegations in sequentially numbered paragraphs. Instead, the complaint begins with a brief two-page recitation of grievances that is largely unaccompanied by any specific, well-pleaded facts. (Id.) Thus, Mr. Klein cryptically cites to two federal criminal statutes dealing with wiretapping and assaults on members of Congress, 18 U.S.C. §§ 351, 2511; alleges a "voilation [sic]

[1] The parties in this case have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636. (Doc. 22).

of US Constitution, BOA 4th amendment"; and complains of an illegal termination of his electrical service by Met Ed. (Id. at 1-2). Mr. Klein then attaches to this spare narrative some 273 pages of correspondence, documents, and excerpts from various reports, opinions, and polemics, all of which address the perceived dangers of SmartMeter electric meter technology, which Mr. Klein believes causes cancer as well as other ailments and may allow for unlawful surveillance of him and his home. Because of these perceived dangers, it appears that Mr. Klein attempted to cover or conceal his electric meter, actions which inspired Met Ed to write to the plaintiff advising him that obstructing the electric meter could lead to termination of his electric service. (Id.) This exchange with Met Ed, in turn, appears to have inspired Mr. Klein to file the instant lawsuit.

Like the factual averments in his complaint, Mr. Klein's prayer for relief is somewhat difficult to understand. We gather, however, that Mr. Klein would like to have Met Ed criminally prosecuted. (Id. at 2) ("I iWANT [sic] THEM CHARGED WITH THE CRIMES AS STATED."). Mr. Klein also seems to seek wide-ranging injunctive relief prescribing what sort of electric meter may be placed on his home, a guarantee that his electric service will not be interrupted, and damages in the amount of "$500,000 dollars give or take." (Doc. 31 at 3).

On January 8, 2020, we entered an opinion and order dismissing Mr. Klein complaint without prejudice. (Doc. 33). That opinion and order instructed Mr. Klein

to file an amended complaint on or before January 29, 2020 and warned him that if he failed to submit an amended complaint within the deadline prescribed by this court his lawsuit may be dismissed with prejudice. This deadline has now elapsed without action on Mr. Klein's part to correct and amend his complaint. Accordingly, for the reasons set forth below, this complaint will be dismissed with prejudice.

## II. Discussion

### A. This Complaint Should Now Be Dismissed with Prejudice

While our initial analysis called for dismissal of this action, the Court provided the plaintiff a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course, recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

Thus, in this case, the plaintiff was given this opportunity to further amend his complaint but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's

discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Prudent v. SCI Camp Hill, 252 F. Apex 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, consistent with the prior practice of this court, we conclude that this complaint should now be dismissed with prejudice as frivolous without further leave to amend. See, e.g., Williams v. Harry, No. 1:16-CV-01759, 2017 WL 3454410, at *1 (M.D. Pa. Aug. 11, 2017)(Kane, J.); Washington v. U.S.P. Canaan Kitchen/FBOP, No. 1:15-CV-849, 2015 WL 4663188, at *1 (M.D. Pa. Aug. 6, 2015)(Kane, J.); Wicks v. Barkley, 3:12-CV-02203, 2013 WL 5937066 (M.D. Pa.

Nov. 4, 2013)(Mariani, J.); Davis v. Superintendent, SCI Huntingdon, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013)(Mariani, J.).

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS KLEIN,** | : | **Civil No. 3:19-CV-725** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MET ED, et al.,** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 3d day of February 2020, in accordance with the accompanying Memorandum Opinion, IT IS ORDERED that the plaintiff's complaint is DISMISSED with prejudice and the clerk is directed to close this case.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge